**Palwinder Singh SUGLANI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 04–75812.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007 \*.

Filed Nov. 20, 2007.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Vincent A. Citro, Esq., USOR–Office of the U.S. Attorney, Orlando, FL, for Respondent.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Palwinder Singh Suglani, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision which summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and may reverse only if the evidence compels such a result. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The evidence does not compel the conclusion that Suglani was persecuted on account of a protected ground or that any future persecution would be on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir.1997). Accordingly, substantial evidence supports the IJ's finding that Suglani failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground. *See id.*

Because Suglani did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We dismiss the petition as to Suglani's CAT claim, because he failed to exhaust the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**